REAVLEY, Circuit Judge,
dissenting:
The panel here holds that, in order to penalize an employer, the agency must prove that the employer could have prevented the safety violation of its supervisor. Without regard to the personal knowledge of a supervisor, himself responsible for enforcement of safety rules, the agency must therefore start at the top and prove that rules were not promulgated or published or enforced. So the panel remands for a determination with this burden of proof placed on the agency. Because I believe this places an unjustifiable obstacle on enforcement of the law, I dissent.
I would hold that the agency proves a prima facie case by proving the participation or knowledge of a supervisor in the violation. Call it prima facie evidence of a violation, a presumption, or the usual imputation of knowledge of an agent to the employer. It is for the employer to prove, as an affirmative defense, that it had the safety rules, explained and enforced. The employer, therefore, may not be penalized “for the unforeseeable, implausible, and therefore unpreventable acts of his employees.” Home Plumbing & Heating Co. v. OSHRC, 528 F.2d 564, 571 (5th Cir.1976). The panel cites Home Plumbing for the proposition that “imputing to the employer the knowledge of a supervisor of his own violative conduct without any further inquiry would ‘amount to the imposition of a strict liability standard.’ ” That is not what Home Plumbing held nor what the ALJ here has held. There is no strict liability. There is further inquiry. The employer is allowed to present the unforeseen employee misconduct defense. That was done here and the ALJ found that Yates failed to establish the affirmative defense.
I would apply the same rules and reach the same result of the Sixth Circuit in Danis-Shook Joint Venture XXV v. Secretary of Labor, 319 F.3d 805 (6th Cir.2003), and therefore I would affirm.